Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Email: rory@leisingerlaw.com
Attorneys for Plaintiff
Julius Clark

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JULIUS CLARK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CREDIT ONE BANK,<br><br>　　　　Defendant. | **Case No.:**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　Plaintiff, JULIUS CLARK ("Plaintiff"), on behalf of himself, by and through the undersigned attorneys, alleges against the Defendant, CREDIT ONE BANK ("Defendant"), as follows:

**NATURE OF THE CASE**

1.　Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer

1

Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.,* and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*.

## JURSIDICTION AND VENUE

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). *See*, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3.    Venue is proper in the United States, California Central District Court, Eastern Division, pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4.    Plaintiff is a natural person residing in Ontario, San Bernardino County, California and is a "person" as defined by 47 U.S.C. § 153 (10) and Cal Civ Code § 1788.2(g).

5.    Plaintiff is a "debtor" as defined by Cal Civ Code § 1788.2(h).

6.    Defendant is a corporation doing business in the State of California, with its corporate address listed as 585 Pilot Road, Las Vegas NV 89119.

7.    Defendant is a "person" as defined by 47 U.S.C. § 153 (10) and Cal Civ Code § 1788.2(g).

8.    Defendant is a "debt collector" as defined by Cal Civ Code § 1788.2(c).

9.    On information and belief, Defendant is attempting to collect a "consumer debt" from Plaintiff as that term is defined and used in Cal Civ Code § 1788.2(e).

///

///

///

///

## FACTUAL STATEMENT

10. In or around October of 2015, Plaintiff began receiving automated telephone calls from Defendant from phone numbers, including but not limited to telephone number: 951-905-1890.

11. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a) (1)* to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Julius Clark.

12. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

14. Defendant called Plaintiff on Plaintiff's cellular telephone number: 909-573-44xx.

15. Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

16. On or about October 10, 2015 at 10:57 A.M., Plaintiff spoke with Defendant, or a representative thereof named "Brian", and Plaintiff revoked any actual or implied "prior express consent" for Defendant to contact his cellular phone in any manner including the usage of an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(a) (1), 47 U.S.C. § 227(b)(1)*, and *47 U.S.C. § 227(b)(1)(A)*.

17. Despite Plaintiff's revocation of any actual or implied "prior express consent" to the actions as outlined above Defendant did not cease the telephone calls.

18. Between October 10, 2015 and November 4, 2015, Defendant placed approximately 81 ("eighty-one") calls to Mr. Clark using an "automatic telephone

dialing system", as defined by *47 U.S.C. § 227(a) (1)* to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Julius Clark.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

19. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

21. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)*.

22. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

25. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CALIFORNIA CIVIL CODE § 1788.11(d) & (e)

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. Defendant has called Plaintiff a minimum of 81 ("eighty-one") times in violation of *47 U.S.C. § 227 et seq*.

29. Defendant called Plaintiff a minimum of 81 ("eighty-one") times in the period of 1 month in order to harass Plaintiff.

30. Defendant would call Plaintiff as often as 4-5 times per day.

31. Defendant's actions are in violation of § 1788.11(d) and (e) of the California Civil Code which prohibits communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the consumer and prohibits causing a telephone to ring repeatedly and continuously to annoy the person called.

32. As a result of Defendant's violations of Cal Civ Code § 1788.2(d) and (e), Plaintiff is entitled to an award of no less than $100.00 and up to $1,000.00 for Defendant's willful and knowing violations per Cal Civ Code § 1788.30(b) plus attorney's fees and costs per Cal Civ Code § 1788.30(c).

### JURY TRIAL DEMAND

33. Plaintiff demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA and the Rosenthal Fair Debt Collection Practices Act;

b. That judgment be entered in favor of Plaintiff against Defendant for each and every violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to *47 U.S.C. § 227(b)(3)(B)*;

c. That the Court award treble damages to Plaintiff for each and every violation of the TCPA the Court deems willful and knowing;

d. That judgment be entered in favor of Plaintiff against Defendant for a violation of the Rosenthal Fair Debt Collection Practices Act;

e. That the Court award statutory damages to Plaintiff for the Rosenthal Fair Debt Collection Practices Act violations in accordance with § 1788.30(b) of the California Civil Code; and

f. That the Court grant such other and further relief as may be just and proper.

Dated: January 21, 2016              Respectfully Submitted,

**LEISINGER LAW, LLP**
By: */s/ Rory Leisinger*
Rory Leisinger, Esq. (SBN: 277476)
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Email: Rory@leisingerlaw.com
Attorneys for Plaintiff
Julius Clark